908 F.2d 966
 16 Fed.R.Serv.3d 1433
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alzeta BOSTICK, Plaintiff-Appellant,
v.
John O. MARSH, Secretary of the Army, Defendant-Appellee,
Lloyd Mason, Defendant.
Alzeta BOSTICK, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary, Department of the Army,
Defendant-Appellee,
and
Lloyd Mason, Colonel, Defendant.
 Nos. 89-3269, 89-3372.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 27, 1989.
Decided: June 22, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (C/A No. 88-1135-A).
 Alzeta Bostick, appellant pro se.
 Robert Charles Erickson, Jr., Susan R. Sullivan, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before DONALD RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alzeta Bostick, a former civilian employee of the United States Army, brought this Title VII action alleging sexual harassment, race and sex discrimination, and retaliation by her Army supervisor. The district court held a bench trial, and at the conclusion of the trial the court found in favor of the defendants. The court issued its findings of fact from the bench on April 24, 1989; judgment was entered on April 25, 1989.
 
 
 2
 Bostick moved for a new trial pursuant to Fed.R.Civ.P. 59 on May 5, 1989, less than 10 days after entry of the district court's final order excluding weekends and holidays. She then noted an appeal on May 25, 1989. The district court did not act on the Rule 59 motion.
 
 
 3
 Bostick then moved in the district court for leave to proceed in forma pauperis on appeal. The district court denied the motion for leave to proceed in forma pauperis. In its order, the district court stated in a footnote that while Bostick timely moved for a new trial pursuant to Fed.R.Civ.P. 59, she did not bring the motion on for hearing. The court stated that the motion "would have been denied had it been heard." However, the court did not enter an order denying the Rule 59 motion. Bostick filed another notice of appeal in which she stated that "[t]he District Court by footnote is deemed to have also denied the Appellant's Motion for Reconsideration."
 
 
 4
 A timely filed Rule 59 motion acts to nullify a notice of appeal because the district court retains jurisdiction over a case in which such a motion has been filed. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Bostick's timely Rule 59 motion acted to render her notice of appeal in No. 89-3269 without effect. Therefore, this Court does not have jurisdiction over that appeal.
 
 
 5
 Further, because the district court did not actually deny Bostick's motion for reconsideration in its order denying leave to proceed in forma pauperis, the second notice of appeal was likewise without effect. Contrary to Bostick's assertion in her second notice of appeal, the judge's notation that he would have denied a motion had it been properly before the court is not sufficient to act as a denial of the motion for purposes of finality of judgment. Therefore, as the district court has not yet acted on the Rule 59 motion, under Griggs this court does not have jurisdiction over the appeal in No. 89-3372.
 
 
 6
 We dismiss the appeals for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 DISMISSED